UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 3 1 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Anthony Brodzki, ) ) Plaintiff, ) ) v. ) ) United States of America, ) ) Defendant. ) | Civil Action No. **12 0164** |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint against the United States and his application to *proceed in forma pauperis*. The application will be granted and the case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of North Richland Hills, Texas, suing the United States for $500 million in damages and injunctive relief. A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). The plaintiff has not indicated that he exhausted his administrative remedies under the FTCA. Therefore, his claim for damages must be dismissed for failure to exahust. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445,

445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").

Plaintiff seeks "injunctive relief against the United States secret service and the president of the United States . . . to end the harassment and the invasion of privacy, and the civil rights violations . . . ." Compl. at 2-3. However, plaintiff's rambling statements provide no rational basis for issuing an injunction and, in fact, "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); see *Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009). Hence, the complaint will be dismissed in its entirety. A separate Order accompanies this Memorandum Opinion.

Date: January 23, 2012

_____
United States District Judge